IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. WOODS,                )
                                )
            Petitioner,          )   Civil Action No. 08-121
                                )   Judge Ambrose
v.                              )   Magistrate Judge Bissoon
                                )
SUPT. DAVID DIGUGLIELMO, et al., )
                                )
            Respondents.        )

## MEMORANDUM ORDER

Before this Court is Petitioner's motion for reconsideration (ECF No. 47) of this Court's Orders dismissing his petition for writ of habeas corpus (ECF No. 45) and granting judgment in favor of Respondents (ECF No. 46).

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, and must be made "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 6 explicitly indicates that a court cannot extend the time to file such a motion beyond that 28-day period. Fed. R. Civ. P. 6(b)(2). This Court entered the orders, of which Petitioner seeks reconsideration, on January 4, 2011. Petitioner's motion was received by this Court on January 12, 2011. Clearly this motion is timely under Rule 59 and, accordingly, it will be addressed on its merits.

As was noted in Hiltabidel v. Uniontown Newspapers, Inc., No. 08-409, 2010 WL 340738, *1 (W.D.Pa. Jan 22, 2009), the applicable standard for evaluating a motion for reconsideration is summarized in Tom Brown Contracting, Inc. v. Westport Inc. Co.,

> Motions for reconsideration under Rule 59(e) of the Federal Rules
> of Civil Procedure are granted sparingly "[b]ecause federal courts
> have a strong interest in finality of judgments." Continental Cas.

1

> Co. v. Diversified Indus., Inc., 884 F.Supp. 938, 943 (E.D.Pa.
> 1995). As the United States Court of Appeals for the Third Circuit
> has noted, the purpose of a motion for reconsideration is "to
> correct manifest errors of law or fact or to present newly
> discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d
> 669, 677 (3d Cir.1999) (quoting Harsco Corp. v. Zlotnicki, 779
> F.2d 906, 909 (3d Cir.1985)). "[J]udgment may be altered or
> amended if the party seeking reconsideration shows at least one of
> the following grounds: (1) an intervening change in the controlling
> law; (2) the availability of new evidence that was not available
> when the court granted the motion for summary judgment; or (3)
> the need to correct a clear error of law or fact or to prevent
> manifest injustice." Id., citing North River Ins. Co. v. CIGNA
> Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

No. 04-1171, 2007 WL 966743, at *3 (W.D.Pa. March 29, 2007) (Conti, J.). However, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Id., citing Abu-Jamal v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa. December 18, 2001) (internal quotations omitted).

An examination of Plaintiff's motion (ECF No. 47), alongside this Court's memorandum order of January 4, 2011 (ECF No. 45), and the report which it adopts (ECF No. 42), leads inescapably to the conclusion that Petitioner's arguments are without merit. Petitioner fails to raise any new facts or intervening change of controlling law, or make a showing of "the need to correct clear error of law or fact to prevent manifest injustice[,]" beyond merely making the conclusory statement that such errors occurred. See Tom Brown Contracting, Inc., 2007 WL 966743, at *3 (quoting Max's Seafood Café, 176 F.3d at 677 (internal citations omitted)). Instead, Petitioner simply disagrees with this Court's ruling dismissing his petition. Petitioner seeks another bite at the litigation apple – but that alone is not sufficient to entitle him to the grant of a motion for reconsideration under Rule 59(e). Consequently, this motion will be denied.

AND NOW, this 24th day of Jan., 2011,

IT IS HEREBY ORDERED that Petitioner's motion for reconsideration (ECF No. 47) is DENIED.

s/ Donetta W. Ambrose<br>
Donetta W. Ambrose<br>
Senior United States District Judge

cc:
**THOMAS E. WOODS**
DE 4522
SCI Huntingdon
1100 Pike Street
Huntingdon,